UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:11-CV-00046-JHM

SANDRA TRAVIS, et al.                                            PLAINTIFFS

V.

ALLIANCE COAL, LLC, et. al.                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Alliance Coal, LLC, Alliance Resource Operating Partners, L.P., Alliance Resource Partners, L.P., Alliance Resource Management GP, LLC, and Alliance Resource GP, LLC's Motion to Dismiss [DN 19]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **GRANTS** the Defendants' motion to dismiss.

## I. BACKGROUND

This action arises from the deaths of Justin Travis and Michael Carter in a mining accident on April 28, 2010. Plaintiffs Sandy Travis, administratrix of Justin Travis's estate, Melissa Carter, administratix of Michael Carter's estate, and Hayden Wayne Carter, the minor son of Michael Carter, filed suit in federal court alleging fourteen state law claims against the above named Defendants. Defendants have moved to dismiss the suit contending that this Court does not have subject matter jurisdiction over this matter.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," Am. Telecom Co. v. Republic of Lebanon, 501 F.3d 534, 537 (6th Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998)), and "may be raised

at any stage in the proceedings," Schultz v. General R.V. Center, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Ky., 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust, 491 F.3d 320, 330 (6th Cir. 2007). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

Plaintiffs' Complaint alleges that the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1332. Defendants contend that federal question jurisdiction under 28 U.S.C. § 1331 is inappropriate because there is no federal question at issue in this matter. Defendants argue that each of the fourteen counts alleged in the Complaint is a state law claim. Plaintiffs' contend that there is a federal question at issue because the Court will be required to interpret federal statutes and regulations in order to properly determine the Plaintiffs' state law claims.

Even when no federal claim is present in a complaint, the Supreme Court has found that "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808-09 (1986) (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9 (1983)). However, "the mere presence of a federal issue in a state cause

of action does not automatically confer federal-question jurisdiction." Id. at 813. Federal question jurisdiction premised on the adjudication of a federal issue within a state law claim "demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005).

In the present case, Plaintiffs contend that the adjudication of their claims will require the Court to interpret the Mine Safety and Health Act's record keeping requirements as well as its safety standard requirements. See 30 U.S.C. §§ 802-962. However, Plaintiffs' have not demonstrated that the interpretation of these provisions is a substantial part of establishing the various fourteen state law claims that they have asserted. In fact, as Defendants note, Plaintiffs can potentially establish liability for each of their claims without implicating or analyzing the MSHA. This demonstrates that the federal issues present in the Plaintiffs' claims are not necessary for the determination of those claims. The Court finds that Plaintiffs' claims do not involve a substantial federal issue such that the vindication of their state law rights necessarily turns on a question of federal law. Therefore, the Court finds that it does not have federal question jurisdiction under 28 U.S.C. § 1331 and **GRANTS** Defendants' motion as to this issue.

Defendants also contend that diversity jurisdiction under 28 U.S.C § 1332 is inappropriate because there is not complete diversity among the several parties. It is well established that "[i]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp v. Allapattah Servs. Inc., 545 U.S. 546, 553 (2005). The Sixth Circuit has held that unincorporated entities, such as limited liability corporations or

partnerships, have the citizenship of each member or partner for purposes of § 1332. Delay v. Rosenthal Collins Group, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009). To the extent that the members or partners of such entities may have multiple sub-members or partners themselves, a district court must determine the citizenship of each "sub-member" as well. Id. (finding that a single member of an LLC may have multiple citizenships for diversity jurisdiction purposes).

Defendants contend that the allegation of diversity jurisdiction in Plaintiffs' Complaint is factually incorrect. Defendants argue that some of the Defendant-entities are actually citizens of Kentucky. Defendants have submitted the affidavit of R. Eberley Davis who is domiciled in Kentucky and is the Senior Vice President, General Counsel, and Secretary of Defendant Alliance Resource Management GP, LLC. Mr. Davis's Affidavit describes in detail the intricate corporate structure of the various Defendants and their subsidiaries. More importantly, the affidavit states that Defendant Alliance Resource Partners, L.P. is a publicly traded company with unit-holders across the United States. The affidavit further states that Mr. Davis, who is domiciled in Kentucky, has been a unit-holder and partner of Alliance Resource Partners, L.P. since February 2010. Defendants argue that because Defendant Alliance Resource Partners, L.P. has a Kentucky partner that it is a Kentucky citizen for purposes of diversity jurisdiction and that complete diversity is lacking among the parties.

Plaintiffs respond by requesting the opportunity to conduct discovery into the structure and ownership of Defendants. Plaintiffs contend that they are unable, without limited discovery, to properly address the Defendants' assertion of Kentucky citizenship. The Court agrees that, absent some discovery, Plaintiffs are unable to properly challenge the Defendant-entities citizenship status. In the interest of justice, the Court finds that Plaintiff should be granted limited discovery to address

this issue. Therefore, the Court **RESERVES** this issue in accordance with the terms detailed below.

The Court orders that the parties shall have **60 days** of discovery, following the entry of this memorandum, opinion and order, for the limited purpose of determining the citizenship of Defendants.

At the conclusion of the limited discovery period, the Plaintiffs shall have **15 days** to supplement their response and address Defendants' contention that complete diversity is lacking.

Following the filing of the supplemental response, Defendants' shall have **7 days** to supplement their reply.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants Alliance Coal, LLC, Alliance Resource Operating Partners, L.P., Alliance Resource Partners, L.P., Alliance Resource Management GP, LLC, and Alliance Resource GP, LLC's Motion to Dismiss [DN 19] is **GRANTED IN PART** and **RESERVED IN PART**.

Defendants' motion is **GRANTED** as to the issue of federal question jurisdiction and is **RESERVED** as to the issue of diversity jurisdiction.

cc: counsel of record